[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15049
Non-Argument Calendar

_____

D. C. Docket No. 07-00083-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGO FLORES GONZALES,
a.k.a. Hugo Flores Gonzalez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(May 30, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Hugo Flores Gonzales appeals his concurrent 135-month sentences

following his guilty plea to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On appeal, Gonzales argues that his sentence is procedurally unreasonable because the district court refused to consider a two-level minor-role reduction, pursuant to U.S.S.G. § 3B1.2, when calculating his guideline range.

We review a district court's guidelines calculation *de novo* and its factual findings for clear error. *United States v. Valnor*, 451 F.3d 744, 750 (11th Cir. 2006). We review the sentence imposed by the district court for reasonableness. *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam). Unreasonableness may be procedural, such as when the district court does not follow *Booker*,[1] or substantive in nature. *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). Before determining whether the ultimate sentence was reasonable, we

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range.

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d. 621 (2005).

*Gall v. United States*, — U.S. —, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). Thus, although the guidelines are now advisory, the district court must still consult the guidelines. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). A district court does not properly consult the guidelines when it misapplies them or miscalculates the guideline range. *United States v. Scott*, 441 F.3d 1322, 1329 (11th Cir. 2006) (per curiam). Only *after* the district court correctly calculates the guidelines range, may it consider imposing a more severe or lenient sentence based on the factors in 18 U.S.C. § 3553(a). *Valnor*, 451 F.3d at 750.

Even if the district court errs in calculating the guideline range, however, "we are not required to vacate the sentence and remand the case if the court would have likely sentenced [the defendant] in the same way without the error." *Scott*, 441 F.3d at 1329.

The district court erred in calculating the guidelines before imposing a sentence based on 18 U.S.C. § 3553(a) when it failed to adequately rule on Gonzales's request for a minor-role reduction. This error rendered Gonzales's sentence procedurally unreasonable. We cannot conclude that the error was harmless because the district court did not indicate that it would have reached the same sentence irrespective of whether Gonzales's guideline range was reduced by the minor-role adjustment. Accordingly, we vacate the sentence and remand for

3

the district court to consider the request for a minor-role reduction in the first instance.

**VACATED AND REMANDED.**